THE PEOPLE OF THE STATE OF NEW YORK, Appellant, *v.* PHILO BLOOD and Others, Respondents.

Third Department, November 12, 1925.

Game — action to recover penalties for unlawful transportation of deer — deer was lawfully taken by another — carcass was divided among several persons — defendants received several small pieces from which evidence of sex had been removed and were apprehended while transporting same — under Conservation Law, § 176, subd. 1, § 190, subd. 6, and § 191, no one except taker may transport deer — evidence of sex must not be removed — defendants are liable.

The defendants are liable for the penalties imposed by the Conservation Law for the illegal transportation of deer, since it appears that a deer was lawfully taken by another and the carcass divided among several hunters, and that the defendants received several small pieces from which the evidence of sex had been removed, and were apprehended while transporting the same from the hunting ground to their homes.

A construction of subdivision 1 of section 176, subdivision 6 of section 190, and section 191 of the Conservation Law shows that the intent of the Legislature was to prohibit any person from transporting from the hunting ground the carcass of a deer or any part thereof, who is not a lawful taker of the deer, and that the evidence of sex must not be removed from the carcass or part of the deer which is being thus transported.

H. T. KELLOGG and McCANN, JJ., dissent.

APPEAL by the plaintiff, The People of the State of New York, from a judgment of the Supreme Court in favor of the defendants, entered in the office of the clerk of the county of Fulton on the 26th day of January, 1925, upon the decision of the court rendered after a trial at the Fulton Trial Term before the court and a jury, the jury having been dismissed following a motion by both sides for a directed verdict.

This action was brought to recover penalties from the defendants for alleged illegal transportation of venison by automobile, while accompanying the same on a public highway in Fulton county, N. Y., on November 11, 1923, after evidence of sex had been removed. A jury trial was had. At the close of the case both sides moved for a direction of a verdict. The court took the case

under consideration and later made his formal findings of fact and conclusions of law and directed judgment for the defendants, dismissing the complaint. The opinion of the Trial Term is reported in *People* v. *Blood* (124 Misc. 196).

*Albert Ottinger, Attorney-General* [*John O. Bates, Deputy Attorney-General,* of counsel], for the appellant.

*P. H. Murphy* [*J. Keck* of counsel], for the respondents.

HINMAN, J.:

The facts are not disputed. The only findings excepted to by appellant are in reality conclusions of law. On November 11, 1923, during the season for hunting deer, the defendants went from Johnstown to the town of Ephratah, Fulton county, N. Y., for the purpose of hunting deer. When they arrived at their destination, guides whom they expected were not there. Other hunters gathered in the same vicinity, numbering, with the defendants, twenty-one. The defendants were asked to hunt with them. It was agreed that any deer obtained by any of them should be divided among all of the persons hunting. During the hunt that day a spike horn buck with horns more than three inches in length was taken. It was a deer that might be lawfully taken. None of these defendants was the taker of or killed the deer in question and none of them knew who killed the deer or the names of the other hunters aside from the defendants. The deer was hog dressed in the woods and taken out to the public highway where it was skinned and cut up into portions by the taker, and divided among the hunters, each of the defendants receiving from the taker a portion of the venison, each piece weighing only a few pounds. It is conceded that eight pieces were given to the four defendants. Two of the defendants put the portions of venison received by them in their coat pockets and the other two put theirs into a game bag belonging to one of them. The defendants started for home in a private automobile owned by one of the defendants, with the portions of venison given to them by the taker. It is claimed that they were taking the venison with them for use and consumption in their respective homes and we may assume that this was so. As they were on their way they were stopped by a game protector, to whom, on request, they showed their pieces of venison. There was no evidence of sex attached thereto, since the taker of the deer had taken the head and hide containing the evidence of sex away with him. This action for penalties was brought for unlawfully transporting venison. It was stipulated upon the trial that, if a recovery were had, such recovery should be in the sum of $400.

The Conservation Law provides as follows:

" No person shall at any time of the year, pursue, take, wound or kill, in any manner, number or quantity, any fish, quadrupeds or birds protected by law, or buy, sell, offer, or expose the same, or any part thereof, for sale, *transport,* or *have the same in possession* except as permitted by this article. * * * Any person aiding in any manner in such prohibited acts shall be deemed to have violated this section." (Conservation Law, § 176, subd. 1, added by Laws of 1912, chap. 318, as amd. by Laws of 1922, chap. 381.)

" Wild deer or venison lawfully taken may be possessed from October fifteenth to November twentieth, both inclusive. * * * If possession of deer is obtained for transportation on or after October fifteenth and before midnight of November sixteenth, it may lawfully remain in the possession of a common carrier the additional time necessary to deliver the same to its destination. * * *." (Conservation Law, § 191, added by Laws of 1912, chap. 318, as amd. by Laws of 1920, chap. 520.)

" The taker may transport, when accompanying the same, or he may transport by common carrier except parcel post when shipping permits are attached pursuant to the provisions of subdivision three, section one hundred and seventy-eight of this article, or possess for that purpose, one carcass of a deer or part thereof at any one time, provided in either case evidence of sex has not been removed from such carcass or part thereof. * * *." (Conservation Law, § 190, subd. 6, as added by Laws of 1920, chap. 520.)

Under the general prohibition of said section 176, quoted above it is unlawful, " except as permitted by this article," to " transport " deer or " have the same in possession.". Under the permissive provision of section 191, above quoted, " venison lawfully taken may be possessed from October fifteenth to November twentieth, both inclusive." The venison in question was lawfully taken and was lawfully possessed by the defendants on November eleventh, if we are to judge from the standpoint of possession alone. We think, however, that all of the provisions of the Conservation Law, above quoted, must be read together. As so read, we find that possession of deer or venison while in course of transportation is specifically regulated. We must, therefore, give such reasonable interpretation to the right of lawful possession under section 191 of the law as will not nullify the provisions of the law as to transportation under sections 176, 191 and 190 of the law. In section 176, the general prohibition section, " transport " is mentioned separately from " have the same in possession." Therefore, the permissive sections as to transportation should be read separately from the permissive provisions as to lawful possession. They are mutually exclusive. The permissive provisions as to transportation

are limited to the " taker," who may transport in one of two ways, (1) in person, or (2) by common carrier, or possess for that purpose. In either case evidence of sex must not be removed from the carcass or part thereof which is being transported. (Conservation Law, § 190, subd. 6, *supra*.) Considering the whole law as a consistent effort to detect unlawful transportation of doe deer, we think the intent of the Legislature is expressed as follows: No person shall at any time transport deer except as expressly permitted by law. The taker is expressly permitted to transport a carcass or part thereof, if evidence of sex is attached. Therefore, no other person may transport a carcass or part thereof. If a carcass or part thereof could be transported lawfully from hunting ground to home or market in private automobiles by others than the taker, without evidence of sex attached, it is easy to see how readily the obvious intent of the Legislature could be frustrated. Our conclusion is that the Legislature has granted no such permission and that such transportation is a violation of the general prohibition expressed in said section 176, which must be interpreted in the light of the specific exceptions. Moreover, a substantial portion of the deer was being transported in the defendants' car and we think that the defendants were at least aiding in transporting an animal protected by law against such transportation even though the whole animal was not in their car. Deer cannot be transported except as permitted by law. It cannot be that by cutting the carcass into parcels, before transportation from the woods, that can be accomplished by indirection which the law directly prohibits. That is what this party of twenty-one hunters did. " Any person aiding in any manner in such prohibited acts shall be deemed to have violated this section." (Conservation Law, § 176, subd. 1, *supra*.) The defendants and others in the hunting party aided in transporting the carcass in violation of law. The hunters agreed in advance that any deer obtained by any of them should be divided among the persons hunting, which was done, obviously so that each could take his share with him as these defendants did.

The judgment should be reversed upon the law and judgment for the sum of $400 should be directed in favor of the plaintiff and against the defendants, with costs.

All concur, except H. T. KELLOGG and McCANN, JJ., dissenting.

Judgment reversed on the law, and judgment for the sum of $400 directed in favor of the plaintiff and against the defendants, with costs. The court disapproves of so-called finding of fact number ten on the ground that it is not properly a finding of fact but a conclusion of law contrary to the views expressed in the opinion.